CASE 74—PETITION—FEBRUARY 10.

# Newman vs. Winlock, adm'r, &c.

### APPEAL FROM BARREN CIRCUIT COURT.

A widow, where there are no infant children residing with her, and no adult or infant children not residing with her, cannot be held responsible for, or required to distribute, the property exempt from distribution and set apart to her under the several statutes.—The title of the property so set apart vests in the widow. (*Section* 11, *chapter* 30, *Revised Statutes*, 1 *Stanton*, 423.)

F. GORIN,                                    For Appellant,
                         CITED—

*Rev. Stat., sec.* 11, *par.* 4, 5, 1 *Stant.*, 423–4.
*Myers' Sup., page* 182.
2 *Met.*, 18 ; *White vs. White.*
1 *Duvall*, 22 ; *Husbands and wife vs. Bullock's adm'r.*

BARNETT & EDWARDS,                          For Appellees,
                         CITED—

*Revised Statutes, chap.* 30, *sec.* 11.
*Act of March* 6, 1854, 1 *Stant.*, 429.
*Act of February* 7, 1865, *Myers' Sup.*, 183.

VOL. III—16

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Billingsly Newman died intestate and childless, leaving a widow and his father him surviving. At the March term, 1862, of the Barren county court, administration on his estate was granted to W. M. Winlock, who had appraised and set apart to the widow the property exempted from distribution, for the benefit of the families of decedents, by the several statutes on the subject. The property thus set apart was valued at three hundred and thirty-six dollars and twenty cents; and this action was brought by John Newman, the father of decedent, against the widow and administrator, claiming the one half of said sum as the heir of his son; and the court below having decided against him, he has appealed.

The 5th subdivision of section 11, chapter 30, 1st volume Revised Statutes, page 423, provides, that "if an intestate leaves a widow, the following property shall be set apart by the appraisers of the estate, and vest in such widow, for the use and benefit of herself and the infant children of the intestate, if any, residing in the family;" and then, after naming the articles, it further provides: "But if there be no such infant children residing with the widow, and there are adult or infant children not residing with her, the provision contained in this section for the widow, or the value of such portion thereof as she receives, shall be charged to her in the distribution." The plain meaning and sense of which is, according to any grammatical or rational rules of construction, that the title of the property therein named and set apart vests in the widow; but she is to hold it for the use and benefit of herself and the infant children of the intestate, if there be any residing with her; and, in that event, she is not to be charged with the value of said

property; but if there be adult or infant children of the intestate not residing with her, then she must be charged with the price of said property in the distribution. But what is the sequence if there are no adult or infant children residing apart from her? What is to be done with the property in that event? The statute makes no provision for a distribution. The title has vested in the widow, and can only be divested in one state of case: that is, the existence of adult or infant children residing apart from the widow; and that is not made out here, for there are no children. The logical conclusion, therefore, must be, that the title to the property remains with the widow, and she cannot be, therefore, required to distribute it or any part thereof.

The subsequent statutes on the subject, except the act approved February 7, 1865, only added to the list of exempted property, without changing the mode of distribution; and the one above named must be regarded as declaratory of the legislative understanding of the previous acts.

Wherefore, as the judgment of the court below conforms to these views, the same is affirmed.